UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**Jean A. Stavola,**  :
    **Plaintiff,**  :
                         :
**v.**  :  Case No. 3:05cv998 (JBA)
                         :
**Northeast Utilities, et al.,**  :
    **Defendants.**  :

**RULING ON PLAINTIFF'S MOTION FOR ATTORNEYS FEES [DOC. # 62]**

Following colloquy with counsel on the record on May 26, 2006, the Court denied defendants' motion to compel the deposition of plaintiff's counsel, Attorney Moukawsher, and granted plaintiff's corresponding motion for a protective order, quashing the subpoena for Moukawsher's attendance at the deposition. See Endorsement Order [Doc. # 61]. The Court instructed the parties to proceed with briefing plaintiff's request for fees in connection with opposing defendants' motion and moving for a protective order, and defendants' claim of substantial justification for their motion. See id. Such briefing now having been completed, for the reasons that follow, plaintiff's motion will be granted.

Fed. R. Civ. P. 37(a)(4)(B) provides that if a motion to compel discovery is denied, "the court may enter any protective order authorized under Rule 26(c) and shall, after affording an opportunity to be heard, require the moving party or the attorney filing the motion or both of them to pay to the party or deponent

1

who opposed the motion the reasonable expenses incurred in opposing the motion, including attorney's fees, unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." "Thus the rule is mandatory unless one of the conditions for not making an award is found to exist" and "the burden of persuasion [is] on the losing party to avoid assessment of expenses and fees."  Wright & Miller, 8A Fed. Practice & Procedure Civ. 2d § 2288; accord Moore's Fed. Practice – Civil § 37.23[1] ("[A] rebuttable presumption exists in favor of imposing expense shifting sanctions on the party against whom a motion to compel disclosures or discovery is resolved.").

The target of defendants' motion to compel was their subpoena for deposition of Attorney Moukawsher to discover information potentially relevant to their statute of limitations affirmative defense, i.e., when plaintiff first had actual knowledge of her ERISA claim.  The Court denied the motion to compel and quashed the subpoena on the basis of Attorney Moukawsher's representations (shared with defendants prior to the Court's ruling on the motion to compel) that he recalled no conversations with plaintiff in 1996 and that none of the staff that then worked at his firm still work there, and that thus any deposition would be pointless, and that any communication Attorney Moukawsher might have had with plaintiff as a

prospective client in 1996 would be protected by the attorney-client privilege.  Plaintiff now argues that defendants' motion to compel was without substantial justification because defendants were informed prior to filing their motion of Attorney Moukawsher's absence of recollection and offer of an affidavit to this effect, and because his deposition was also futile in that it sought attorney-client privileged information.  Defendants contend that, notwithstanding the Court's denial of their motion to compel, there was other potentially relevant non-privileged information that could have been discovered in a deposition of plaintiff's counsel and that therefore the motion was not without substantial justification.[1]

Depositions of opposing counsel are typically held in a "negative light," "[b]ecause deposition of a party's attorney is usually both burdensome and disruptive [and thus] the mere request to depose a party's attorney constitutes good cause for obtaining a Rule 26(c), Fed. R. Civ. P., protective order. . . . Deposition of the attorney usually merely embroils the parties and the court in controversies over the attorney-client privilege and more important, involves forays into the area most protected

---

[1] Defendants also contend that plaintiff's motion for fees should be denied as untimely because it was due on June 9, 2006 but was not filed until June 13, 2006.  However, subsequent to defendants filing their opposition, the Court granted nunc pro tunc plaintiff's motion for extension of time to June 13, 2006 (see [Doc. # 67]), and thus defendants' objection on this basis is moot.

by the work product doctrine – that involving an attorney's mental impressions or opinions." N.Y. v. Solvent Chem. Co., 214 F.R.D. 106, 111 (W.D.N.Y. 2003) (internal quotation omitted). Although acknowledging that "[t]he attorney-client privilege recognized at common law is not . . . a general and total bar to discovery of any and all transactions and contacts that involve an attorney and a client," see Conn. Nat'l Bank v. Rytman, 2001 WL 1667884, at *3 (Conn. Super. Ct. Dec. 10, 2001), the Court nevertheless rejected defendants' arguments in support of their motion to compel, finding that any recollection Attorney Moukawsher did have of conversations with plaintiff in 1996 relevant to when she acquired actual knowledge would likely be privileged as "communications made in confidence for the purpose of seeking or giving legal advice," id. (citing Olson v. Accessory Controls & Equip. Corp., 254 Conn. 145, 158 (2000)). Moreover, the Court observed that defendants admittedly had pre-filing notice of Attorney Moukawsher's lack of recollection of any such conversations.

As noted above, defendants claim that there was other potentially relevant non-privileged information that Attorney Moukawsher could have testified to at his deposition, specifically, the identification of people working in his law firm during the 1996 time period who may have had contact with or provided information to plaintiff.  Defendants represent that

4

this information was only disclosed to them by Attorney Moukawsher after they filed their motion to compel. It was, however, disclosed before the Court ruled on the motion to compel and correlative motion for a protective order, and thus defendants had an opportunity to withdraw their motion upon receipt of this information, but did not. Further, this information was not the focus of defendants' motion to compel; rather, the focus was conversations Attorney Moukawsher had with plaintiff, of which defendants already knew Attorney Moukawsher had no recollection and which would, in any event, likely be privileged. Defendants' ex-post facto expansion of what their deposition sought as grounds justifying their motion to compel is unpersuasive to rebut the presumption that the losing party pays unless it establishes "substantial justification." Accordingly, plaintiff will be awarded reasonable fees associated with opposing the motion and filing her own motion for a protective order.

Plaintiff seeks fees in the amount of $1,738, consisting of 4.4 hours of Attorney Moukawsher's time, billed at a rate of $395.00 per hour. Defendants do not dispute the reasonableness of Attorney Moukawsher's hourly rate, but claim that they should not be required to reimburse plaintiff for 2 hours of time billed for preparing the instant motion for attorneys fees, to recover for only 2.4 additional hours of billed time. Notwithstanding

defendants' objection, however, the Court finds the time spent by Attorney Moukawsher on the motion for a protective order and reply brief, the opposition brief to defendants' motion to compel, and the preparation of this motion for fees to be reasonable.[2]  Further, the Court finds Attorney Moukawsher's hourly rate of $395 to be reasonable in light of his substantial experience in the field of ERISA litigation and the prevailing rates in this district.  Indeed, it is identical to the rate awarded by this Court in another ERISA case.  See Dobson v. Hartford Fin. Servs. Group, Inc., 99cv2256 (JBA), 2002 WL 31094894, at *3 (D. Conn. Aug 02, 2002).  Thus, applying the lodestar test, the Court finds that a fee award of $1,738 is reasonable and appropriate in this case.[3]

---

[2] Cf. Valley Disposal, Inc. v. Central Vt. Solid Waste Mgmt. Dist., 71 F.3d 1053, 1059 (2d Cir. 1995) (costs of preparing § 1988 motion evaluated and compensated in same fashion as costs of litigating the underlying case).

[3] The traditional lodestar method for determining reasonable attorney's fees calculates a figure "based upon the number of hours reasonably expended by counsel on the litigation multiplied by a reasonable hourly rate." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997)(citing Blanchard v. Bergeron, 489 U.S. 87, 94 (1989)).  "The 'lodestar' figure should be in line with those [rates] prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Id. (citation and internal quotation marks omitted).  The "prevailing community" used to determine the lodestar figure is typically, with few exceptions, "the district in which the court sits," in this case, the District of Connecticut.  See id. (citation and internal quotation marks omitted).  "[T]here is ... a strong presumption that the lodestar figure represents a reasonable fee." A.R. ex rel. R.V. v. N. Y. City Dep't of Educ., 407 F.3d 65, 79 (2d Cir. 2005) (citations

Accordingly, plaintiff's Motion for Attorneys Fees [Doc. # 61] is GRANTED and plaintiff is awarded $1,738 in attorneys fees.

IT IS SO ORDERED.

/s/
Janet Bond Arterton
United States District Judge

**Dated at New Haven, Connecticut this 4th day of October, 2006.**

---

and internal quotation marks omitted).